UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO LAMONT PINCKNEY, | No. C-08-3068 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND MOTION TO SEAL PORTIONS OF PLAINTIFF'S COMPLAINT; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| YUBA COMMUNITY COLLEGE, | |
| Defendant. | |
| _____/ | **(Docket Nos. 8, 26)** |

Plaintiff Delano Lamont Pinckney, proceeding pro se, has filed suit against Defendant Yuba Community College for employment discrimination. Currently pending before the Court is the College's motion[1] (1) to quash or dismiss the complaint based on insufficient process and service, (2) to transfer venue to the Eastern District of California, and (3) to seal portions of the complaint to protect the privacy of third parties. Also pending is Mr. Pinckney's request for appointment of counsel.

Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the College's request that venue be transferred and further **GRANTS** the College's request that portions of the complaint be sealed. Because of the transfer, the Court shall not rule on the motion to quash or dismiss based on insufficient process and service. The College may renotice

---

[1] It appears that Defendant should have been named as Yuba Community College *District*, and not the College itself. *See* Mot. at 3 n.1. However, for purposes of this memo, Defendant shall be referred to as the College.

the motion to quash or dismiss before the transferee court once the case is transferred. Mr. Pinckney's request for appointment is **DENIED** without prejudice.

## I.   DISCUSSION

A.   Failure of Mr. Pinckney to Appear

As a preliminary matter, the Court notes that, although Mr. Pinckney filed an opposition to the College's motion, *see* Docket No. 26, he failed to make an appearance (even a telephonic appearance) at the hearing on the motion. Mr. Pinckney failed to do so even though he was aware of the hearing (he was informed of such by court staff) and the Court gave him every opportunity to appear, even making a final attempt to contact Mr. Pinckney immediately before the hearing began to secure his participation. Based on Mr. Pinckney's communications to court staff, it is clear to the Court that he chose not to participate in the hearing. He stated he felt ill-equipped without representation by counsel. However, Mr. Pinckney has not been able to obtain counsel and has made no showing of any likely prospect. Given the clear showing regarding venue discussed below, the Court will not appoint pro bono counsel at this juncture. The Court therefore was left with no choice but to proceed with the hearing on the College's motion.

B.   Mr. Pinckney's Request for Appointment of Counsel

In his opposition to the College's motion, Mr. Pinckney asks for appointment of counsel. Where such a request is made is made in the context of Title VII, the Ninth Circuit has noted the following:

> The 1964 Civil Rights Act provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." Three factors have emerged as relevant to the exercise of the district court's discretion under this broad statutory mandate. The court is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit.

*Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

While the Court has some information about Mr. Pinckney's final resources based on his in forma pauperis application previously filed, *see* Docket No. 3 (application), Mr. Pinckney has provided no specifics about his "numerous efforts" to find representation. Opp'n at 1. Moreover, he

has made no attempt to demonstrate that his claim is meritorious such that he should be appointed counsel. Accordingly, the Court denies the request for appointment of counsel.

The denial is without prejudice. As discussed below, the Court is transferring the case to the Eastern District of California. Mr. Pinckney is not barred from seeking appointment of counsel from the transferee court.

C.     College's Motion to Transfer

In its motion, the College asks that the Court transfer the instant case to a different district court, namely, the Eastern District of California.

As the College notes, Title VII has a specific venue provision. *See Jaffe v. Morgan Stanley & Co.*, NO. C 06-3903 TEH, 2008 U.S. Dist. LEXIS 43069, at *10 (N.D. Cal. June 2, 2008) (stating that "[v]enue in Title VII actions is governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3)"). It states in relevant part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 U.S.C. §§ 2000e *et seq.*]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

According to the College, under the above statute, venue in this District is proper because the provision that an action may "be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," 42 U.S.C. § 2000e-5(f)(3), means that, "in states containing multiple federal districts, suit can be commenced in any of those districts." Mot. at 5. Even so, the College argues, this Court should still transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). That statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

1    It is clear that the instant lawsuit could have been brought in the Eastern District of
2 California under Title VII's venue provision.[2] Whether the College is correct in assuming that
3 venue also lies in this District, an assumption about which the Court is dubious,[3] the Court considers
4 whether, for the convenience of parties and witnesses and in the interest of justice, the case should
5 be transferred from this District to the Eastern District under § 1404(a). Factors that a court should
6 consider in determining whether there should be a transfer pursuant to § 1404(a) include a plaintiff's
7 choice of forum, the ease of access to proof, costs, availability of compulsory process for unwilling
8 witnesses, and other practical considerations for an efficient and expeditious trial. *See Ellis v.*
9 *Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 536 (N.D. Cal. 2005) (Patel, J.); *see also Jones v.*
10 *GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

11    Taking into account such factors, the Court concludes that transfer to the Eastern District is
12 warranted. Although Mr. Pinckney's choice of forum should be given some deference, his interest
13 in having the litigation in the Northern District is limited. He does not, for example, reside in the
14 Northern District. He lives in Canada. Nor is there any other "meaningful connection[]" to the
15 Northern District. *Ayala-Branch v. Tad Telecom, Inc.*, 197 F. Supp .2d 13, 15 (S.D.N.Y. 2002). Mr.
16 Pinckney's sole reason for filing in this District seems to be related to his contention that there is an
17 "unfavorable bias [against him] in the Sacramento area," Opp'n at 1; however, he has no evidence to
18 support this contention. In any event, all other relevant considerations weigh in favor of transfer.
19 Most notably, because the alleged unlawful employment practice took place in the Eastern District
20 of California, it is more than likely that the main witnesses in the case will live in the Eastern

---

[2] For example, but for the alleged unlawful employment practice, Mr. Pinckney would have worked in Marysville, California, where the College is located and Marysville is located within the Eastern District of California. Also, presumably, the employment records relevant to the alleged unlawful practice are also maintained in Marysville where the College is located.

[3] *See Gilbert v General Electric Co.*, 347 F Supp 1058, 1060 (E.D. Va. 1972) ("conclud[ing] that the phrase ['in the State'] must be given full syntactical weight in upholding plaintiffs' contention that the section provides for a forum in any part of the state"); *Aitkin v Harcourt Brace Jovanovich, Inc.*, 543 F Supp 987, 988 (W.D.N.Y. 1982) (agreeing with *Gilbert* that "[v]enue is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the state in which the alleged unlawful acts occurred"). *But see Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 504 (9th Cir. 2000) (stating that "the only limitation contemplated by the [Title VII venue] provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination'").

United States District Court
For the Northern District of California

District, and relevant documents, such as employment records, will be in the Eastern District as well. *See Ayala-Branch*, 197 F. Supp .2d at 15 ("respect[ing] [plaintiff's] preference to remain in this District for purposes of litigation, [but stating that] the importance of her preference is substantially diminished by the uncontested allegations in her complaint which place the operative events -- her training program, the alleged unlawful employment practices, her complaints of discrimination to supervisors and her employer's alleged retaliation against her -- in Tampa, Florida").

The Court therefore orders that the Clerk of the Court immediately transfer the case to the Eastern District of California. All further proceedings in this case are stayed until the case is transferred.

D.  College's Motion to Quash or Dismiss

Because the Court is transferring the case, it shall not preempt any decision of the transferee court as to whether process and service in this case have been adequate.

E.  College's Motion to Seal

As to the College's motion to seal one of the attachments to Mr. Pinckney's complaint -- namely, the list of witness names and telephone numbers -- the Court shall rule on the motion only because there are immediate privacy issues at play. The Court shall grant the request, not because the attachment reveals the name of witnesses but only because their personal information is disclosed, but does not bar Mr. Pinckney from seeking relief from the transferee court to unseal the attachment at issue.

///
///
///
///
///
///
///
///
///

5

## II. CONCLUSION

For the foregoing reasons, the College's motion to transfer and seal is granted. The Court does not rule on the College's motion to quash or dismiss in light of the transfer. The College may renotice the motion to quash or dismiss before the transferee court once the case is transferred. Finally, the Court denies without prejudice Mr. Pinckney's request for appointment of counsel.

The Clerk of the Court is directed to transfer the case immediately to the Eastern District of California in accordance with this order.

IT IS SO ORDERED.

Dated: December 9, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8  DELANO LAMONT PINCKNEY,              No. C-08-3068 EMC
9              Plaintiff,
10        v.
                                        **CERTIFICATE OF SERVICE**
11  YUBA COMMUNITY COLLEGE,
12              Defendant.
13  _____/
14
15      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
16  District of California. On the below date, I served a true and correct copy of the attached, by placing
17  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
18  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
19  receptacle located in the Office of the Clerk.

20  Delano Lamont Pinckney                *ALL OTHER COUNSEL SERVED VIA*
    c/o Hostel International              *ELECTRONIC FILING ("E-FILING")*
21  1114 Burnaby Street
    Vancouver, BC V6E1P1
22  (843) 564-6084

23  Dated: December 9, 2008               RICHARD W. WIEKING, CLERK
24
25                                        By: _____/s/_____
                                               Leni Doyle
26                                             Deputy Clerk
27
28